[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11515
Non-Argument Calendar

_____

D. C. Docket No. 05-20768-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO MARTINEZ-ZAPATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 13, 2006)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Alberto Martinez-Zapata ("Zapata") pleaded guilty to illegal re-entry,

in violation of 8 U.S.C. § 1326, after he was found in the United States having been deported twice previously. The statutory maximum sentence for his offense was 20 years imprisonment.

Calculating the sentencing guidelines range, the probation officer assigned a base offense level of 8 under U.S.S.G. § 2L1.2, with a 16-level enhancement, § 2L1.2(b)(1)(A), because Zapata had a prior conviction for trafficking cocaine. With a 2-level reduction for acceptance of responsibility, the adjusted offense level was 21. Zapata had a criminal history category IV, resulting in a guidelines range of 57 to 71 months imprisonment.

Zapata made no objections to the calculations, but requested that the court sentence him below the range because his criminal history category over-represented his past and a lesser sentence would be sufficient deterrence. Recognizing that the guidelines were advisory, and considering the sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Zapata to 57 months imprisonment. Zapata now appeals, challenging the 16-level enhancement under the Fifth and Sixth Amendments because the prior conviction was not charged in the indictment or admitted at the plea colloquy.

Because Zapata raises this issue for the first time on appeal, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert.

2

<u>denied</u>, 545 U.S. 1127 (2005). Thus, Zapata must show (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. <u>Id.</u>

Zapata cannot show plain error. First, this court has rejected the argument that prior convictions under § 2L1.2(b)(1)(A) must be alleged in the indictment. <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1315-16 (11th Cir. 2005). Moreover, as Zapata concedes, <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), holding that prior convictions need not be charged in an indictment or proven beyond a reasonable doubt, remains good law. <u>Id.</u>

Second, by not objecting to the presentence investigation report, Zapata admitted the facts contained therein, including his prior conviction. <u>United States v. Wade</u>, 458 F.3d 1273, 1277 (11th Cir.), <u>petition for cert. filed</u>, (Nov. 01, 2006) (No. 06-7622).

Finally, there is no error under <u>United States v. Booker</u>, 543 U.S. 220 (2005), as Zapata was not sentenced under a mandatory guidelines scheme.

Accordingly, we **AFFIRM.**